IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SUSAN WASHINGTON, | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 16-2429 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Susan Washington seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

for Summary Judgment (ECF No. 14) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# I

## Background

Plaintiff was born in 1959, has a college education, and previously worked as a special-education teacher. R. at 22, 38. Plaintiff protectively filed an application for DIB on May 26, 2012, alleging disability beginning on November 30, 2009 (later amended to February 1, 2012), due to plantar fasciitis, and Morton's neuroma of the left foot. R. at 15, 138-44, 174, 196. The Commissioner denied Plaintiff's application initially and again on reconsideration, so Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. at 70-92, 97-101. On August 27, 2014, ALJ Thomas Mercer Ray held a hearing at which Plaintiff and a vocational expert ("VE") testified. R. at 30-57. On January 16, 2015, the ALJ issued a decision finding Plaintiff not disabled from the amended alleged onset date of disability of February 1, 2012, through the date of the decision. R. at 10-29. Plaintiff sought review of this decision by the Appeals Council, which denied Plaintiff's request for review on May 6, 2016. R. at 1-9, 236. The ALJ's decision thus became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981; *see also Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S. Ct. 2080, 2083 (2000).

On June 29, 2016, Plaintiff filed a complaint in this Court seeking review of the Commissioner's decision. After the parties consented, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## Summary of ALJ's Decision

On January 16, 2015, the ALJ found that Plaintiff (1) had not engaged in substantial gainful activity since the amended alleged onset date of disability of February 1, 2012; and (2) had an impairment or a combination of impairments considered to be "severe" on the basis of the requirements in the Code of Federal Regulations; but (3) did not have an impairment or a combination of impairments meeting or equaling one of the impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1; and (4) was able to perform her past relevant work as a special-education teacher; and (5) could perform other work in the national economy, such as an office helper, cashier, or router. R. at 18-23. The ALJ thus found that she was not disabled from February 1, 2012, through the date of the decision. R. at 23.

In so finding, the ALJ found that Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b), including the ability to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in [an] 8-hour workday; sit for 6 hours in an 8-hour workday; push and/or pull as much as lift and/or carry, including the use of hand and/or foot controls as much as she can lift and/or carry, however may only occasionally use foot controls; no limitation on climbing ramps and stairs; can never climb ladders, ropes, or scaffolds; occasionally balance; unlimited as to stooping, kneeling, crouching, and crawling.

R. at 19.

## III

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R.

§§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

---

carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

5

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.

*See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## V

### Discussion

Plaintiff contends that remand is warranted because, although the ALJ found that her Morton's neuroma of the left foot and plantar fasciitis of the right foot were severe impairments (R. at 18), the ALJ failed to place any limitation upon her ability to stand and/or walk in the RFC assessment, without explanation. Pl.'s Mem. Supp. Mot. Summ. J. 5-6, ECF No. 13-1. She further maintains that the ALJ failed to evaluate properly pertinent evidence of her physical therapy (R. at 296). *Id.* at 6-7. Plaintiff finally asserts that the ALJ erroneously determined that she was capable of performing her past relevant work as a special-education teacher. *Id.* at 8-9. For the reasons that follow, Plaintiff's contentions are unavailing.

Social Security Ruling[4] ("SSR") 96-8p explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff first contends that, in assessing her RFC, the ALJ erred in failing to include any limitation on her ability to stand and/or walk in the RFC assessment relating to her Morton's neuroma of the left foot and plantar fasciitis of the right foot, which the ALJ found to be severe impairments (R. at 18). Pl.'s Mem. Supp. Mot. Summ. J. 5-6, ECF No. 13-1. As noted in Part III above, the Commissioner determines at step two of the five-step sequential evaluation process whether the claimant has a medically severe impairment or combination of impairments. "Step two of the sequential evaluation is a threshold question with a de minimis severity requirement." *Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) (per curiam). In other words, "the step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citing *Yuckert*, 482 U.S. at 153-54, 107 S. Ct. at 2297-98). Thus, "[t]he findings that the [Commissioner] must make at steps two and four . . . are quite different." *Taylor v. Astrue*, Civil Action No. BPG-11-0032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012). "At step four, on the other hand, the [Commissioner] must look to all the evidence on record and determine more precisely how, if at all, the claimant's impairments limit her ability to work." *Id.* "It is possible, therefore, for [the Commissioner] to find at step two that a claimant's condition is severe—because the medical evidence does not conclusively prove otherwise—and yet at step four find no substantial evidence that the condition actually limits the claimant's ability to work." *Id.* Thus, "an ALJ is not required to include a corresponding limitation for each severe impairment." *Copes v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-11-

3487, 2013 WL 1809231, at *1 (D. Md. Apr. 26, 2013). Here, the ALJ found that Plaintiff's Morton's neuroma, plantar fasciitis, and other severe impairments "cause more than minimal limitation in [her] ability to perform work-related activities." R. at 18. The ALJ noted, however, that Plaintiff's activities of daily living, her medical records, and opinion evidence belied her allegations of disabling limitations. R. at 20-22. The ALJ's assessment of Plaintiff's RFC nonetheless included the occasional use of foot controls. R. at 19. Because Plaintiff has not identified any evidence of greater limitations resulting from her severe impairments that the ALJ should have included in the RFC assessment, Plaintiff's argument in this regard is unavailing.

Plaintiff next maintains that the ALJ failed to evaluate the December 2012 discharge summary of a physical therapist who opined that Plaintiff had a standing and activities of daily living tolerance of thirty to sixty minutes (R. at 296). Pl.'s Mem. Supp. Mot. Summ. J. 6-7, ECF No. 13-1. As Defendant points out, however, the ALJ did note that Plaintiff's treatment notes in September 2012 revealed that her right heel pain and numbness in her toes on the right foot were gone and that she felt much better; physical therapy was "helping a lot." R. at 20, 298. Further, although in January 2013 she still reported "some pain if she walks for an extended period of time," Plaintiff also reported improvement since the end of her physical therapy in December 2012. R. at 20, 299. Moreover, even if Plaintiff's RFC were reduced to a sedentary level of exertion, she points to no evidence that she would be considered disabled. In any event, even if the ALJ had erred in his evaluation of the physical therapist's opinion, Plaintiff "has failed to point to *any* specific piece of evidence not considered by the Commissioner that might have changed the outcome of [her] disability claim," *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014), as a physical therapist is not an "acceptable medical source" who can provide evidence in the form of a medical opinion to establish an impairment. *See* 20 C.F.R.

§§ 404.1513(a), 404.1527(a)(1) ("Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s) . . . ."); SSR 06-03p, 2006 WL 2329939, at *2 ("[O]nly 'acceptable medical sources' can be considered treating sources . . . , whose medical opinions may be entitled to controlling weight."). For these reasons, Plaintiff's contention in this regard also is without merit.

Plaintiff finally asserts that the ALJ erroneously determined that she was capable of performing her past relevant work as a special-education teacher (R. at 22) because Plaintiff's past work as actually performed was outside her RFC as assessed by the ALJ. Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 13-1. As the Commissioner points out, "[h]owever, the ALJ proceeded to step five finding that there are other jobs existing in the national economy that she could perform. Accordingly, if the Court upholds the ALJ's finding at step five of the sequential evaluation, any error at step four is harmless." *Queen v. Astrue*, Civil Action No. TMD 10-3364, 2012 WL 1016822, at *3 (D. Md. Mar. 23, 2012); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008) ("[A]lthough the ALJ erred at step four in finding that [the claimant] could perform his past work, this error was harmless because the ALJ properly concluded as an alternative at step five that he could perform work in the national and regional economies as a semiconductor assembler."); *Carter v. Comm'r, Soc. Sec.*, Civil Case No. JKB-14-2581, 2015 WL 2244138, at *2 (D. Md. May 12, 2015) ("Even assuming, without deciding, that the ALJ's step four analysis was deficient, the error would be harmless since the ALJ made alternative step five findings that [the claimant] could perform work as an addresser or order clerk."). Because Plaintiff has not disputed the ALJ's determination at step five, her argument regarding any error, if any, by the ALJ at step four is unavailing.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## VI

### Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 25, 2017

/s/
Thomas M. DiGirolamo
United States Magistrate Judge